# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE TREASURY,<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220<br><br>and<br><br>OFFICE OF MANAGEMENT AND BUDGET<br>725 17th Street NW<br>Washington, DC 20503<br><br>*Defendants*. | Case No. 17-2078 |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of the Treasury and the Office of Management and Budget under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

1

4. Because Defendant U.S. Department of the Treasury has denied American Oversight's request for expedited processing, American Oversight is now entitled to judicial review of that claim under 5 U.S.C. § 522(a)(6)(A)(ii).

5. Because Defendants Office of Management and Budget and U.S. Department of the Treasury have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from failing to expedite processing of American Oversight's requests and from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

6. Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight will use the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

7. Defendant U.S. Department of the Treasury (Treasury) is a department of the executive branch of the U.S. government headquartered in Washington, DC and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). Treasury has possession, custody, and control of the records that American Oversight seeks.

8. Defendant Office of Management and Budget (OMB) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1) headquartered in Washington, DC. OMB has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

*OMB Congressional Communications FOIA*

9. On August 7, 2017, American Oversight submitted a FOIA request ("OMB Congressional Communications FOIA") to OMB seeking access to the following records:

> All communications, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials relating to potential legislation regarding the federal tax code exchanged between or including any members of Congress or congressional staff and any of the following:
>
> a. the Director;
> b. the Deputy Director;
> c. the Associate Director for Legislative Affairs;
> d. any other political appointee or SES employee in the Office of the Director, Office of the Deputy Director, Office of Legislative Affairs, Office of Economic Policy, the Legislative Reference Division, or the Office of Budget Review; or
> e. anyone acting on behalf of any of these individuals (such as administrative assistants).

10. The request sought records from January 20, 2017, to the date of the search. A copy of the OMB Congressional Communications FOIA request is attached hereto as Exhibit A and incorporated herein.

*OMB Stakeholder Communications FOIA*

11. On August 7, 2017, American Oversight submitted a FOIA request ("OMB Stakeholders FOIA") to OMB seeking access to the following records:

> Records reflecting communications relating to potential legislation regarding the federal tax code between any individual listed in

3

Category A below and any employee or representative of an entity listed in Category B below:

| Category A – Agency Officials | Category B – Outside Groups |
|---|---|
| <ul><li>the Director;</li><li>the Deputy Director;</li><li>the Associate Director for Legislative Affairs;</li><li>any other political appointee or SES employee in the Office of the Director, Office of the Deputy Director, Office of Legislative Affairs, Office of Economic Policy, Legislative Reference Division, or Office of Budget Review; or</li><li>anyone acting on behalf of any of these individuals (such as administrative assistants)</li></ul> | <ul><li>Americans for Prosperity (@americansforprosperity.org)</li><li>Heritage Foundation (@heritage.org)</li><li>Heritage Action for America (@heritageaction.com)</li><li>U.S. Chamber of Commerce (@uschamber.org)</li><li>American Enterprise Institute (@aei.org)</li><li>Goldman Sachs (@gs.com)</li><li>Business Roundtable (@businessroundtable.org)</li><li>American Action Network (@americanactionnetwork.org)</li><li>National Taxpayers Union (@ntu.org)</li><li>Hoover Institution (@hoover.org)</li><li>Manhattan Institute (@Manhattan-institute.org)</li><li>Americans for Tax Reform (@atr.org)</li><li>Competitive Enterprise Institute (@cei.org)</li><li>Cato Institute (@cato.org)</li></ul> |

Responsive records include emails exchanged between these individuals and entities, records reflecting phone calls between them, calendar invitations or entries reflecting meetings between them, or communications summarizing such emails, meetings, or phone calls. If an individual listed in Category A used a personal email account to conduct such a communication or schedule such a meeting and then forwarded the contents of the communication, a calendar invitation or agenda, or a summary of the communication or meeting to his or her official account or to other OMB officials or employees, the forwarded message or summary would be responsive to the request. To ensure that all responsive records are identified, American Oversight requests that OMB use the entities listed in Category B

4

  both as keywords and as entries in the to/from/cc/bcc fields of emails and calendar entries.

12. The request sought records from January 20, 2017, to the date of the search. A copy of the OMB Stakeholders FOIA request is attached hereto as Exhibit B and incorporated herein.

*Treasury Congressional Communications FOIA*

13. On August 7, 2017, American Oversight submitted a FOIA request ("Treasury Congressional Communications FOIA") to Treasury seeking access to the following records:

> All communications, calendar invitations/entries, meeting notices, meeting agendas, informational material, draft legislation, talking points, or other materials relating to potential legislation regarding the federal tax code exchanged between or including any members of Congress or congressional staff and any of the following:
>
> - the Secretary;
> - the Deputy Secretary;
> - Counselor to the Secretary Justin Muzinich;
> - the Assistant Secretary for Legislative Affairs;
> - the Assistant Secretary for Economic Policy;
> - the Assistant Secretary (Tax Policy);
> - the Deputy Assistant Secretary (Tax Policy);
> - any other political appointee or SES employee in the Office of the Secretary, the Office of the Deputy Secretary, the Office of Legislative Affairs, the Office of Economic Policy, or the Office of Tax Policy (including the Office of the Tax Legislative Counsel and the Office of Benefits Tax Counsel); or
> - anyone acting on behalf of any of these individuals (such as administrative assistants).

14. The request sought records from January 20, 2017, to the date of the search. A copy of the Treasury Congressional Communications FOIA request is attached hereto as Exhibit C and incorporated herein.

*Treasury Stakeholder Communications FOIA*

15. On August 7, 2017, American Oversight submitted a FOIA request ("Treasury Stakeholders FOIA") to Treasury seeking access to the following records:

> Records reflecting communications relating to potential legislation regarding the federal tax code between any individual listed in Category A below and any employee or representative of an entity listed in Category B below:

| Category A – Agency Officials | Category B – Outside Groups |
| --- | --- |
| <ul><li>the Secretary;</li><li>the Deputy Secretary;</li><li>Counselor to the Secretary Justin Muzinich;</li><li>the Assistant Secretary for Legislative Affairs;</li><li>the Assistant Secretary for Economic Policy;</li><li>the Acting Assistant Secretary (Tax Policy);</li><li>the Deputy Assistant Secretary (Tax Policy);</li><li>the Deputy Assistant Secretary for Business Affairs and Public Liaison;</li><li>any other political appointee or SES employee in the Office of the Secretary, the Office of the Deputy Secretary, the Office of Legislative Affairs, the Office of Economic Policy, the Office of Tax Policy (including the Office of the Tax Legislative Counsel and the Office of Benefits Tax Counsel), or the Office of Public Affairs; or</li><li>anyone acting on behalf of any of these individuals (such as administrative assistants)</li></ul> | <ul><li>Americans for Prosperity (@americansforprosperity.org)</li><li>Heritage Foundation (@heritage.org)</li><li>Heritage Action for America (@heritageaction.com)</li><li>U.S. Chamber of Commerce (@uschamber.org)</li><li>American Enterprise Institute (@aei.org)</li><li>Goldman Sachs (@gs.com)</li><li>Business Roundtable (@businessroundtable.org)</li><li>American Action Network (@americanactionnetwork.org)</li><li>National Taxpayers Union (@ntu.org)</li><li>Hoover Institution (@hoover.org)</li><li>Manhattan Institute (@Manhattan-institute.org)</li><li>Americans for Tax Reform (@atr.org)</li><li>Competitive Enterprise Institute (@cei.org)</li><li>Cato Institute (@cato.org)</li></ul> |

> Responsive records include emails exchanged between these individuals and entities, records reflecting phone calls between them, calendar invitations or entries reflecting meetings between

6

them, or communications summarizing such emails, meetings, or phone calls. If an individual listed in Category A used a personal email account to conduct such a communication or schedule such a meeting and then forwarded the contents of the communication, a calendar invitation or agenda, or a summary of the communication or meeting to his or her official account or to other Treasury officials or employees, the forwarded message or summary would be responsive to the request. To ensure that all responsive records are identified, American Oversight requests that Treasury use the entities listed in Category B both as keywords and as entries in the to/from/cc/bcc fields of emails and calendar entries.

16. The request sought records from January 20, 2017, to the date of the search. A copy of the Treasury Stakeholder Communications FOIA request is attached hereto as Exhibit D and incorporated herein.

*Entitlement to Expedited Processing*

17. American Oversight sought expedited processing of the four OMB and Treasury FOIA requests described in paragraphs 9 through 16 pursuant to 5 U.S.C. § 522(a)(6)(E)(v)(II), as well as 5 C.F.R. § 1303.10(d) and 31 C.F.R. § 1.5(e)(2), respectively.

18. American Oversight's OMB and Treasury FOIA requests are "made by a person primarily engaged in disseminating information," and there is an "urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 5 C.F.R. § 1303.10(d)(1)(ii); 31 C.F.R. § 1.5(e)(2).

19. There is an urgent need to inform the public about the federal government activity that is the subject of American Oversight's requests. Specifically, congressional Republicans, the White House, and senior Trump administration officials are actively working to develop and pass legislation substantially altering the federal tax code before the end of the calendar year, and outside interest groups are contributing tens of millions of dollars toward that goal. The federal tax code affects hundreds of millions of Americans, both by determining individual and family tax liabilities and through funding of myriad federal programs.

7

20. The information sought in American Oversight's FOIA requests could meaningfully further public understanding about and engagement in the deliberations and negotiations underlying this anticipated major piece of legislation. The requested information can only inform public understanding and facilitate public engagement in deliberations regarding this potential legislation before any such legislation is enacted, when the public still enjoys the opportunity to contact members of Congress to express views and preferences regarding proposed changes to the tax code. Delaying disclosure of the requested records until after congressional and executive branch officials have indicated they intend to enact legislation would substantially compromise the public's significant interest in such timely participation in the democratic process.

*OMB Response*

21. On August 10, 2017, American Oversight received an email from OMB acknowledging receipt of the OMB Congressional Communications FOIA request on August 9, 2017 and assigning it the tracking number 2017-355.

22. On August 10, 2017, American Oversight received an email from OMB acknowledging receipt of the OMB Stakeholder Communications FOIA request on August 9, 2017 and assigning it the tracking number 2017-354.

23. American Oversight has not received any further communication from OMB about its OMB Congressional Communications FOIA request or its OMB Stakeholder Communications FOIA request (collectively, the "OMB FOIA requests").

*Treasury Response*

24. Treasury assigned the Treasury Congressional Communications FOIA request the tracking number 2017-08-121.

25. On August 16, 2017, Treasury sent American Oversight a letter reflecting Treasury's view that "it is unclear what specific records" American Oversight sought in its Congressional Communications FOIA request. The letter asked American Oversight to provide a "better description" of the records sought, such as by identifying members of Congress by name. The letter stated "this action is not a denial" and did not provide language indicating American Oversight's appeal rights. Treasury's response letter is attached hereto as Exhibit E.

26. On August 18, 2017, American Oversight called Treasury to clarify what additional information Treasury requested in order to process the Treasury Congressional Communications FOIA request.

27. On August 31, 2017, American Oversight sent Treasury the requested information by electronic mail.

28. American Oversight has not received any further communication from Treasury about its Treasury Congressional Communications FOIA request.

29. Treasury assigned the Treasury Stakeholder Communications FOIA request the tracking number 2017-08-120.

30. On August 14, 2017, American Oversight received a letter from Treasury. The letter noted that unusual circumstances allow Treasury an additional 10 days to process American Oversight's Stakeholder Communications FOIA request. The letter also denied American Oversight's request for expedited processing with respect to that request. The letter indicated that the request had not "adequately demonstrated how not receiving the information in an expeditious manner would 'compromise a significant recognized interest.'" A copy of Treasury's response is attached hereto as Exhibit F and incorporated herein.

31. On August 24, 2017, American Oversight submitted an appeal of Treasury's denial of expedited processing on the Treasury Stakeholder Communications FOIA request. American Oversight's appeal is attached hereto as Exhibit G and incorporated herein.

32. On August 28, 2017, American Oversight received via email a letter from Treasury confirming that Treasury received the appeal on August 25, 2017. Treasury's letter confirming receipt of the appeal is attached as Exhibit H and incorporated herein.

33. American Oversight has not received any further communication from Treasury about its Treasury Stakeholder Communications FOIA request.[1]

*Exhaustion of Administrative Remedies*

34. Neither OMB nor Treasury has made a determination whether to grant or deny American Oversight's FOIA requests described in paragraphs 9-16, notwithstanding the obligation of these agencies under FOIA to make a determination within twenty working days, or for the Treasury Stakeholder Communications FOIA for which the agency asserted "unusual circumstances" within thirty working days.

35. Through OMB's failure to make a determination as to American Oversight's request for expedition or to make a determination as to American Oversight's OMB FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

36. Through Treasury's failure to make a determination as to American Oversight's request for expedited processing with respect to the Treasury Congressional Communications

---

[1] On September 19, 2017, American Oversight received via email a second letter confirming receipt of American Oversight's appeal on September 15, 2017. American Oversight clarified with Treasury via email that this second letter was sent in error and that the appeal was received on August 25.

10

FOIA request within the period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

37. Through Treasury's denial of American Oversight's request for expedited processing of the Treasury Stakeholder Communications FOIA request, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

38. Treasury has also failed to timely decide American Oversight's appeal of Treasury's denial of expedited processing.

39. Through Treasury's failure to make a determination as to American Oversight's Treasury FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing of OMB FOIA Requests

40. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

41. American Oversight properly requested records within the possession, custody, and control of OMB on an expedited basis.

42. OMB is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 5 C.F.R. § 1303.10(d).

43. American Oversight is primarily engaged in disseminating information to the public, and there is an urgent need to inform the public about the federal government activity that is the subject of American Oversight's OMB Congressional Communications FOIA request and

OMB Stakeholders FOIA request, such that expedited processing is appropriate under 5 U.S.C. § 552(a)(6)(E)(v)(ii) and 5 C.F.R. § 1303.10(d)(1)(ii).

44. OMB failed to determine whether expedited processing was appropriate and to notify American Oversight of any such determination with ten days after the date of the OMB Congressional Communications FOIA request and OMB Stakeholders FOIA request.

45. OMB's failure to grant expedited processing under 5 C.F.R. § 1303.10(d)(1)(ii) violates FOIA and OMB regulations.

46. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring OMB to grant expedite processing of American Oversight's OMB FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing of Treasury Congressional Communications FOIA Requests

47. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

48. American Oversight properly requested records within the possession, custody, and control of Treasury on an expedited basis.

49. Treasury is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 31 C.F.R. § 1.5(e).

50. American Oversight is primarily engaged in disseminating information to the public, and there is an urgent need to inform the public about the federal government activity that is the subject of American Oversight's Treasury Congressional Communications FOIA request, such that expedited processing is appropriate under 5 U.S.C. § 552(a)(6)(E)(v)(ii) and 31 C.F.R. § 1.5(e)(2)(ii).

51. Treasury failed to determine whether expedited processing was appropriate and to notify American Oversight of any such determination with ten days after the date of the Treasury Congressional Communications FOIA request.

52. Treasury's failure to grant expedited processing under 31 C.F.R. § 1.5(e)(2)(ii) violates FOIA and Treasury regulations.

53. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Treasury to grant expedite processing of American Oversight's Treasury Congressional Communications FOIA request.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 522
### Wrongful Denial of Expedited Processing of the Treasury Stakeholder Communications FOIA Request

54. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

55. American Oversight properly requested records within the possession, custody, and control of Treasury on an expedited basis.

56. Treasury is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of 5 U.S.C. § 552(a)(6)(E) and 31 C.F.R. § 1.5(e).

57. American Oversight is primarily engaged in disseminating information to the public, and there is an urgent need to inform the public about the federal government activity that is the subject of American Oversight's Treasury Congressional Communications FOIA request, such that expedited processing is appropriate under 5 U.S.C. § 552(a)(6)(E)(v)(ii) and 31 C.F.R. § 1.5(e)(2)(ii).

58. Treasury wrongfully denied expedited processing of American Oversight's Treasury Stakeholder Communications FOIA request.

59. Treasury's failure to grant expedited processing under 31 C.F.R. § 1.5(e)(2)(ii) violates FOIA and Treasury regulations.

60. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Treasury to grant expedited processing of American Oversight's Treasury Stakeholder Communications FOIA request.

## COUNT IV
### Violation of FOIA, 5 U.S.C. § 522
### Failure to Conduct Adequate Search for Responsive Records

61. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

62. American Oversight properly requested records within the possession, custody, and control of Defendants.

63. Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

64. Defendants have failed to review promptly agency records for the purpose of locating those records which are responsive to American Oversight's OMB and Treasury FOIA requests.

65. Defendants' failure to conduct an adequate search for responsive records violates FOIA.

66. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's OMB and Treasury FOIA requests.

## COUNT V
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records Responsive to
### OMB and Treasury FOIA Requests

67. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

68. American Oversight properly requested records within the possession, custody, and control of Defendants.

69. Defendants are agencies subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

70. Defendants are wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its OMB and Treasury FOIA requests.

71. Defendants' failure to provide all responsive records violates FOIA.

72. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its OMB and Treasury FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to expedite the processing of American Oversight's OMB and Treasury FOIA requests submitted on August 7, 2017;

(2) Order Defendants to conduct searches reasonably calculated to uncover all records responsive to American Oversight's OMB and Treasury FOIA requests submitted on August 7, 2017;

(3) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's OMB and Treasury FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.

Dated: October 5, 2017

Respectfully submitted,

*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851
Sara Kaiser Creighton
D.C. Bar No. 1002367
John E. Bies
D.C. Bar No. 483730
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5246
beth.france@americanoversight.org
john.bies@americanoversight.org
*Counsel for Plaintiff*